# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY M. YOUNG-BEY. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-10-3161 |
| SERGEANT WHITACRE, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending is a motion to dismiss, or in the alternative, for summary judgment filed on behalf of defendants Bobby Shearin, M. Stallings and A. Whitacre.[1] ECF No. 20. Plaintiff has responded. ECF Nos. 29 & 34.[2] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the motion to dismiss, construed as a motion for summary judgment, will be GRANTED.

## Background

Young-Bey a self-represented inmate, housed at the Western Correctional Institution ("WCI"), initiated these proceedings by claiming that correctional employees have interfered with his efforts to file grievances concerning prison conditions. ECF No. 1. By way of court-directed

---

[1] Defendants filed a dispositive motion (ECF No. 11) which was denied without prejudice, subject to renewal, in order to afford plaintiff an opportunity to respond. ECF No. 19. Defendants renewed the motion. ECF No. 20. The motion was denied without prejudice, subject to renewal, pending resolution of plaintiff's appeal of the Order denying his motion for recusal. ECF No. 39. Plaintiff's appeal having been resolved (ECF No. 47), the court now considers the dispositive motion.

[2] Along with his response in opposition, plaintiff has filed a supplemental complaint wherein he seeks to add additional parties and causes of action to the case. ECF No. 30. Plaintiff's amended complaint, filed nearly two years after the institution of these proceedings and five months after defendants' first dispositive motion, shall not be permitted. Plaintiff seems to suggest that his inability to access the legal library adversely impacted his ability to file the amended complaint. Such a claim is unsupportable. All of the facts alleged by plaintiff were known to him at the time the events occurred, none of which were included in plaintiff's initial complaint of court-directed supplemental filing.

Similarly, plaintiff's allegations, including but not limited to allegations that in January, 2011, he was falsely charged with assault on a prison official, placed in solitary confinement and his legal materials were confiscated and destroyed, that correctional officers harassed and retaliated against him, his rights to equal protection and under the Rehabilitation Act have been violated, etc., all raised for the first time in his opposition to the dispositive motion, are not properly before the court and will not be considered. Plaintiff is free to file a new civil rights case if he believes his rights were violated as alleged.

supplemental complaint he states that defendants Whitacre and Sutton, on or about October 30, 2010, filed false disciplinary charges against him stating that he had violated prison policy by using the prison legal library. He states that he was ordered to permanently cease and desist use of the prison library. ECF No. 3. He seeks damages and injunctive relief "enjoin[ing] defendants from arbitrarily and capriciously denying plaintiff's use of the prison legal library, [and] from all acts interfering with plaintiff's rights." *Id*.

Defendants provide evidence that NBCI is equipped with two types of libraries; the main library, which is for the general population of inmates, and the "in-house" library which is specific to each unit. ECF No. 20, Ex. 2. Both libraries are equipped with legal materials; however the main library's collection is more extensive. The main library is accessible to inmates on the day their housing unit is scheduled to visit or by an inmate's request on Thursday or Friday. On Thursdays and Fridays an inmate may visit the main library for an extended periods of time if he has requested a pass. Heubner, NBCI's librarian, avers that this type of visit to the library is sometimes referred to as "legal library." *Id*. Inmates on cell-restriction at NBCI are permitted to attend legal library but are not permitted to participate in out of cell activities not related to programming including regular library visitation. *Id*., Ex. 1, p. 19.

Plaintiff states that Wedlock and Huebner unofficially amended the inmate handbook in November, 2010 to "fabricate their defense." ECF No. 29. He further states that on October 31, 2010, defendant Stallings opened plaintiff's cell door and stated that plaintiff was free to use the in-house library if he chose. He states that after using the library for an hour and a half, Stallings charged him with being out of bounds. *Id*.

On October 30, 2010, plaintiff was observed filling a shampoo bottle with sanitation chemical in the sanitation closet and then returning to his cell. ECF No. 20, Ex. 1, 16. The

chemicals were retrieved and discarded and plaintiff was served with notice of inmate rule violation. He agreed to an informal disposition of the charge resulting in 30 days cell restriction. On October 31, 2010, M. Stallings, C.O. II observed plaintiff leave his cell and go to the in-house library. As plaintiff was on cell restriction due to the prior day's infraction, he was not permitted to visit this library and was charged with violating Rule 402, informally referred to as an "out of bounds violation." Defendant Whitacre served plaintiff with the notice of rule violation. Plaintiff refused an informal disposition and instead proceeded to a formal hearing. *Id*. Ex. 1, p. 17

Plaintiff filed three administrative grievance dated October 31, 2010. The first addressed the circumstances surrounding the October 30, 2011, informal disposition resulting in the 30 day cell restriction. *Id*., Ex. 1 & 3. The other grievances complained that he was being denied access to the legal library. All ARPs were accepted for processing; the second ARP regarding denial of access to the legal library was dismissed as duplicative. *Id*., Ex. 3. Plaintiff states that he submitted a fourth ARP alleging that the ARP process itself was unavailable and inadequate but Whitacre refused to process that ARP. ECF No. 29. Between October 24, 2007 and November 16, 2010, plaintiff filed 16 ARPs which were logged in and processed. ECF No. 20, Ex. 3.

In ARP NBCI 3272-10 concerning access to the legal library, plaintiff complained he was prevented from using "the in-house library search legal facility until my cell restriction expires." *Id*., Ex. 1. He also claimed that the restriction was in violation of the NBCI Inmate handbook regarding exemptions to cell restriction. Lieutenant Wedlock investigation plaintiff's complaint and interviewed plaintiff on November 29, 2010. He also spoke with librarian Heubner who verified that the term "legal library" referred only to when an inmate was put on the pass-list for the main library. Warden Shearin denied plaintiff's ARP, explaining that inmates on cell restriction are not permitted access to the in-house library but plaintiff could access the legal library by verifying an

3

"active case with deadline through case manager then be placed on [the] pass list for main library." *Id*. Defendants aver that they never denied plaintiff access to legal materials. *Id*., Ex. 4-6. The record evidence demonstrates that plaintiff appeared on the pass list for legal library on November 4, 2010, but did not go. *Id*., Ex. 2. Plaintiff states that at no time did he refuse to use the legal library. ECF No. 29.

**Standard of Review**

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule

4

8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.      Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

5

material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party]

on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477(1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287(2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, (1937); *see also Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a

prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e. g., Tawwab v. Metz*, 554 F.2d 22 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Shimabuku v. Britton*, 503 F.2d 38 (10th Cir. 1974); *Locke v. Board of Public Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972*); Uzzell v. Friday*, 401 F.Supp. 775 (M.D.N.C.1975), aff'd in pertinent part, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545 (D. Del.1975).

To the extent plaintiff seeks declaratory and injunctive relief, his claim has been rendered moot by his transfer to another correctional facility. The events complained of occurred while plaintiff was housed at NBCI. Subsequently Plaintiff was transferred to the Western Correctional Institution. *See Young-Bey v. Kennedy*, JFM-12-162 (D. Md.) Since the present action seeks monetary relief, however, the case cannot be dismissed simply because the request for declaratory and equitable relief has been denied.

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to

sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 352-352.

In *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), the Court characterized access-to-the courts claims as being in one of two categories. *Id* at 413. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a Plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." *Id*. at 1209. In this way, the official action is said to have " 'rendered hollow [the plaintiff's] right to seek redress' " in the courts. *Id*. (quoting *Christopher*, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the

courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Plaintiff has failed to demonstrate any actual injury. He has failed to allege that a lack of access to unspecified materials hindered his ability to pursue a "nonfrivolous" claim. In addition, plaintiff has failed to allege that he had a meritorious petition. Plaintiff must establish that his underlying claim was "nonfrivolous" or "arguable." *Christopher v. Harbury*, 536 U.S. at 415. "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416 (footnote omitted). A prisoner's right to access the courts does not include the right to present frivolous claims. *Lewis v. Casey*, 518 U.S. at 353 & n. 3. It is not enough that a prisoner is prevented from challenging his conviction. He must also show that his claim had merit. Plaintiff has offered no information as to how his denial of access to the in house legal library adversely impacted a meritorious legal claim. More than a conclusory allegation, as offered here, is required to show actual injury. Plaintiff's claim of "actual injury" is vague and conclusory and cannot withstand summary judgment.

Likewise, plaintiff's claim of irregularities in the processing of his ARPs is unavailing. While the long standing rule has been that prisoners have no constitutional right to participate in an institutional grievance procedure, *see Adams v. Rice*, 40 F. 3d 72, 75 (4th Cir. 1994), with the passage of the Prison Litigation Reform Act 42 U.S.C. § 1997e(a) the issue is less clear. The Act requires exhaustion of administrative remedies before an action concerning prison conditions may be filed by a prisoner. The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further clarification regarding

exhaustion as a pleading requirement was announced by the Fourth Circuit in *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674 (4th Cir. 2005). The court held that, "an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Id*. at 681. To the extent that a prisoner's attempts to exhaust the administrative remedy process are thwarted by prison officials' misconduct, that evidence may be presented in response to the affirmative defense. *Id*. at 682. Thus, an inability to access the administrative remedy procedure based on an alleged refusal by prison officials to enforce the rules governing the process does not run afoul of the due process clause. Assuming, *arguendo*, that defendants did not satisfactorily investigate or respond to plaintiff's remedy requests, plaintiff's claim fails as he has failed to allege much less demonstrate any injury as a result of the alleged failure to investigate ARPs.

## Conclusion

For the aforementioned reasons, defendants' Motion, construed as a motion for summary judgment, shall be granted. A separate Order follows.

May 13, 2013　　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　　J. Frederick Motz
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge